#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 13-CR-10145-EFM

STACY L. FISHER,

    *Defendant.*

#### MEMORANDUM AND ORDER

In 2014, Defendant Stacy L. Fisher pleaded guilty to one count of felon in possession of a firearm. The Court sentenced him to a prison term of 86 months, to be followed by three years of supervised release. Fisher now seeks to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. 83). He argues that the Court improperly considered a prior offense when calculating his sentence, resulting in a higher base offense level and higher U.S. Sentencing Guidelines ("Guidelines") range. Because Fisher waived his right to bring this motion, his motion is denied.

#### I.    Factual and Procedural Background

In 2013, Fisher was charged in a five-count indictment of unlawfully and knowingly possessing, with the intent to distribute, cocaine base (crack cocaine), in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1), of knowingly and unlawfully possessing a Ruger .22

caliber semi-automatic handgun, a Winchester 16-gauge shotgun, and ammunition in violation of 18 U.S.C. §§ 2 and 922(g)(1), and of knowingly possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A). On July 3, 2014, Fisher entered into a plea agreement with the Government, and pleaded guilty to one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).[1] In accordance with the plea agreement, the Government agreed to seek dismissal of the remaining charges.

Fisher acknowledged that he entered the plea agreement "freely and voluntarily,"[2] and agreed to the following waiver of appeal and collateral attack rights in the plea agreement:

> Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a). Notwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.[3]

---

[1] *See* Docs. 59 & 60.

[2] Doc. 60, p. 7-8.

[3] *Id.* at 6.

The parties requested that the Court apply the Guidelines to calculate Fisher's sentence, and the parties agreed "to request a sentence within the guideline range determined to be appropriate by the U.S. Probation Department."[4]

During the Rule 11 colloquy, the Court confirmed that Fisher understood that he was requesting a sentence within the Guidelines range, and that he was waiving any objections or challenges he had to the Guidelines process. The Court explained Fisher's appeal rights, including his right to appeal his sentence or how his sentence was calculated. Fisher stated that he understood that he was essentially waiving his appeal rights, except to the extent he received a sentence above the Guidelines range or in the event the Government filed an appeal. Fisher affirmed that he entered the plea agreement freely and voluntarily. The Court found that Fisher made his plea freely, voluntarily, and because he was guilty as charged, and not out of ignorance, fear, inadvertence, or coercion, but with a full understanding of the consequences.

After Fisher pleaded guilty, a U.S. Probation Officer ("USPO") prepared a presentence investigation report ("PSR") and submitted it to the Court on September 2, 2014. Applying the 2013 Guidelines, the USPO arrived at a total offense level of 21 by starting with a base offense level of 20, adding four levels because Fisher possessed firearms in connection with another felony offense, and subtracting three levels for Fisher's acceptance of responsibility. The USPO determined that the appropriate base offense level was 20 under U.S.S.G. § 2K2.1(a)(4)(A)[5] because Fisher had previously been convicted of a "controlled substance offense" in Kansas state court. According to the PSR, in 1992, Fisher was convicted of possession of cocaine with intent to sell in the Sedgwick County District Court, Wichita, Kansas. Based upon the total offense

---

[4] *Id.* at 2.

[5] U.S.S.G. § 2K2.1 applies to violations of 18 U.S.C. § 922(g)(1).

level of 21 and a criminal history category of VI, the PSR identified the applicable Guidelines range for imprisonment as 77 months to 96 months. The Court adopted this range, and on September 23, 2014, sentenced Fisher to a prison term of 86 months, to be followed by three years of supervised release.[6]

Proceeding pro se, Fisher filed the current motion under 28 U.S.C. § 2255 on June 19, 2017. He argues that in light of two U.S. Supreme Court[7] cases addressing statutory interpretation of the Guidelines, his prior Kansas conviction should not have been considered a "controlled substance offense" for purposes of U.S.S.G. § 2K2.1, and that his total offense level should have been six levels lower, resulting in a lower Guidelines range. In response, the Government argues that Fisher's motion is meritless, barred by his waiver of his right to collaterally attack his sentence, and barred by the statute of limitations. Because the Court finds that Fisher's motion is barred by the waiver in his plea agreement, the Court does not address the Government's remaining arguments.

## II.    Legal Standards

Under 28 U.S.C. § 2255, a "prisoner in custody . . . claiming the right to be released" may petition the court to vacate, set aside, or correct a sentence on various grounds, including where "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."[8] When alleging constitutional error, "the petitioner must establish an error of constitutional magnitude

---

[6] Docs. 76 & 77.

[7] *Descamps v. United States*, 570 U.S. 254 (2013); *Mathis v. United States*, 136 S. Ct. 2243 (2016).

[8] 28 U.S.C. § 2255(a).

which had a substantial and injurious effect or influence on the verdict."[9]  When alleging non-constitutional error, "the petitioner must show a fundamental defect in the proceedings resulting in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process."[10]  The petitioner is entitled to a hearing on his motion, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[11]

### III.   Analysis

Because the motion, files, and records of this case conclusively show that Fisher waived his right to bring this action and is not entitled to relief, the Court denies Fisher's motion without an evidentiary hearing.[12]

**A.   Fisher waived his right to collaterally attack his sentence.**

"[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made."[13]  The Tenth Circuit requires courts to analyze three factors when determining whether a defendant validly waived his right to bring a post-conviction collateral attack under § 2255: "(1) whether the disputed [claim] falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his

---

[9] *United States v. Johnson*, 995 F. Supp. 1259, 1261 (D. Kan. 1998) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

[10] *Id.* (citing *Reed v. Farley*, 512 U.S. 339, 353-54 (1994)).

[11] 28 U.S.C. § 2255(b).

[12] The Court has thoroughly and carefully reviewed Fisher's motion and construed his filings liberally.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[13] *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001).  This general rule does not apply to claims for ineffective assistance of counsel.  *See id.* at 1187.  Even when liberally construing Fisher's motion, however, Fisher does not assert a claim for ineffective assistance of counsel.

appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."[14] All three prongs are satisfied here.

### 1.     Fisher's claim falls within the scope of the waiver.

Courts construe plea agreements "according to contract principles and what the defendant reasonably understood when he entered his plea."[15]  Ambiguities are construed against the Government and in favor of the defendant's appellate rights.[16] Fisher's claim clearly falls within the unambiguous language of the waiver, and his argument that the plea agreement did not specifically waive his right to challenge "a 'substantive' change of law" fails.[17]

Although the waiver in Fisher's plea agreement is broad, it is not ambiguous.  It expressly includes "*any* right to appeal or collaterally attack *any matter* in connection with . . . [the] sentence," including "any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court," and "any right to challenge a sentence or . . . *manner in which it was determined* in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)]."[18]  Likewise, the waiver expressly excludes from its scope Fisher's right to challenge his sentence if (1) the "court departs upwards from the applicable sentencing guideline range determined by the court," (2) "the United States exercises its right to

---

[14] *United States v. Viera*, 674 F.3d 1214, 1217 (10th Cir. 2012) (quoting *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004); citing *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009)) (alteration in original).

[15] *See United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1206 (10th Cir. 2004) (internal quotations and citations omitted).

[16] *United States v. Kutz*, 702 F. App'x 661, 666 (10th Cir. 2017).

[17] *See id.* at 669 (recognizing that it is the defendant's "burden to advance a textual ambiguity in the Plea Agreement which would permit him to benefit from later changes in the law").

[18] Doc. 60, p. 6 (emphases added).

appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b)," or (3) Fisher asserts claims of "ineffective assistance of counsel or prosecutorial misconduct."

Fisher does not pursue claims exempted from the scope of the waiver. Instead, he argues that the Court adopted an improper Guidelines range when determining what sentence to impose. Fisher's challenge falls squarely within the plain and unambiguous language of the waiver. Accordingly, Fisher's claim falls within the scope of the waiver.

  *2. Fisher knowingly and voluntarily waived his rights to appeal or collaterally attack his sentence.*

"Determining whether a defendant knowingly and voluntarily waived his rights is a question of law."[19] In evaluating the knowing and voluntary nature of a waiver, courts "especially look to two factors:" (1) "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily" and (2) "whether there was 'an adequate Federal Rule of Criminal Procedure 11 colloquy.' "[20] A proper plea colloquy, especially if accompanied by express findings, "will, in most cases, be conclusive on the waiver issue, in spite of a defendant's post hoc assertions to the contrary."[21] "[W]here only the appellate waiver provision is challenged, as in most cases," the Court is "not obligated to consider whether the plea in the plea agreement is valid."[22] The defendant bears the burden of demonstrating that he did not knowingly and voluntarily waive his appellate rights.[23]

---

[19] *See United States v. Tanner*, 721 F.3d 1231, 1233 (10th Cir. 2013) (citations omitted).

[20] *Id*. (quoting *Hahn*, 359 F.3d at 1325).

[21] *Id*. (citing *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)).

[22] *Kutz*, 702 F. App'x at 668.

[23] *See Tanner*, 721 F.3d at 1233.

Fisher does not challenge the knowing and voluntary nature of either his decision to plead guilty or his agreement to waive his rights to appeal or collaterally attack his sentence; nor does he allege that the Rule 11 colloquy was inadequate.  Indeed, a review of the plea agreement and Rule 11 colloquy confirms that Fisher knowingly and voluntarily waived his appellate and collateral review rights.  The plea agreement acknowledges that Fisher "knowingly and voluntarily waives any right to appeal or collaterally attack *any matter* in connection with this prosecution, conviction and sentence," and that he entered the agreement "freely and voluntarily."[24]  Likewise, the Court engaged in an adequate Rule 11 colloquy, and found that Fisher entered his guilty plea freely, voluntarily, and with a full understanding of the consequences.  At the change of plea hearing Fisher affirmed his understanding of his appeal rights, including the right to appeal his sentence and how it was calculated, and that he was waiving those rights by entering the plea agreement.  He also affirmed that the plea agreement requested that the Court impose a sentence within the Guidelines range, and that he was waiving any objections or challenges to the Guidelines process.  Fisher knowingly and voluntarily waived his rights to appeal or collaterally attack his sentence.

   3. *Enforcement of the waiver will not result in a miscarriage of justice.*

The Tenth Circuit has set forth an exclusive list of circumstances under which the enforcement of a waiver contained in a plea agreement would result in a miscarriage of justice.[25]  These include: "[1] where the district court relied on an impermissible factor such a race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where

---

[24] Doc. 60, pp. 6, 8 (emphasis added).

[25] *United States v. Polly*, 630 F.3d 991, 1001 (10th Cir. 2011).

the waiver is otherwise unlawful."[26] Courts analyzing the fourth prong evaluate whether "the *waiver* is otherwise unlawful," and not "whether another aspect of the proceeding may have involved legal error."[27]

Fisher's motion does not allege the presence of circumstances under which the enforcement of his waiver would result in a miscarriage of justice. Instead, it focuses on an alleged legal error committed by the Court in determining Fisher's sentence. As recognized by the Tenth Circuit, Fisher's allegations of legal error are insufficient to invalidate his waiver, and the Court cannot see any ground to support a finding that enforcement of the waiver would result in a miscarriage of justice.[28] Rather, because Fisher "does not challenge the lawfulness of the waiver itself, enforcing the waiver . . . does not result in a miscarriage of justice."[29]

In conclusion, Fisher knowingly and voluntarily waived his right to appeal or collaterally attack his sentence, his current motion falls within the scope of that waiver, and enforcing the waiver will not result in a miscarriage of justice. Accordingly, the Court finds that Fisher waived his right to pursue the arguments advanced in his § 2255 motion. Fisher's motion to vacate, set aside, or correct his sentence is denied.

### B.    Fisher is not granted a certificate of appealability.

Appeal from a final decision on a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 is not permitted unless a circuit or district judge issues a certificate of

---

[26] *Hahn*, 359 F.3d at 1327 (alterations in original) (citations omitted).

[27] *United States v. Smith*, 500 F.3d 1206, 1213 (10th Cir. 2007) (recognizing that allowing "errors in computing a defendant's sentence to render a waiver unlawful would nullify the waiver based on the very sort of claim it was intended to waive") (emphasis in original) (internal quotations and citation omitted).

[28] *See, e.g.*, *Kutz*, 702 F. App'x 661 (dismissing collateral attack alleging that sentence resulted from the district court's incorrect consideration of prior "crimes of violence" to enhance the applicable Guidelines range).

[29] *Polly*, 630 F.3d at 1002.

appealability in accordance with 28 U.S.C. § 2253(c).[30] The Court declines to grant Fisher a certificate of appealability in this case because he did not make a substantial showing that he was denied a constitutional right.[31] Fisher's arguments did not "raise issues that are debatable among jurists, or that a court could resolve differently, or that deserve further proceedings."[32] Accordingly, further review of Fisher's motion is unnecessary.

**IT IS THEREFORE ORDERED** that Defendant Stacy L. Fisher's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 83) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 25th day of January, 2018.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[30] Fed. R. App. P. 22(b)(1).

[31] *See* 28 U.S.C. § 2253(c)(2).

[32] *United States v. Brown*, 993 F. Supp. 1338, 1343 (D. Kan. 1997); *see also United States v. Taylor*, 454 F.3d 1075, 1078 (10th Cir. 2006).