# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 13-CR-10145-EFM

STACY L. FISHER,

    *Defendant.*

## MEMORANDUM AND ORDER

In 2014, Defendant Stacy L. Fisher pleaded guilty to one count of felon in possession of a firearm and received a sentence with a prison term of 86 months, to be followed by three years of supervised release. Fisher filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on June 19, 2017. Because Fisher waived his right to collaterally attack his sentence, the Court denied his motion on January 25, 2018. Fisher filed a motion for reconsideration pursuant to Fed. R. Civ. P. Rule 59(e) on February 26, 2018, arguing that the Court committed legal error in denying his § 2255 motion and in declining to issue a certificate of appealability. He subsequently filed a Motion for Default Summary Judgment seeking judgment in his favor on his motion for reconsideration. For the reasons stated below, the Court denies Fisher's motions for reconsideration (Doc. 89) and default summary judgment (Doc. 93).

-2-

### I. Factual and Procedural Background[1]

In 2013, Fisher was charged in a five-count indictment of unlawfully and knowingly possessing, with the intent to distribute, cocaine base (crack cocaine), of knowingly and unlawfully possessing a Ruger .22 caliber semi-automatic handgun, a Winchester 16-gauge shotgun, and ammunition, and of knowingly possessing a firearm in furtherance of a drug trafficking crime. On July 3, 2014, Fisher pleaded guilty to one count of felon in possession of a firearm and entered into a plea agreement with the Government.

Fisher acknowledged that he entered the plea agreement "freely and voluntarily," and agreed to waive his rights to appeal and to collaterally attack his sentence. The parties requested that the Court apply the U.S. Sentencing Guidelines ("Guidelines") to calculate Fisher's sentence, and the parties agreed "to request a sentence within the guideline range determined to be appropriate by the U.S. Probation Department." The Court confirmed that Fisher understood that he was requesting a sentence within the Guidelines range, and that he was waiving any objections or challenges he had to the Guidelines process. The Court explained Fisher's appeal rights, including his right to appeal his sentence or how his sentence was calculated. Fisher stated that he understood that he was essentially waiving his appeal rights, except to the extent he received a sentence above the Guidelines range or in the event the Government filed an appeal. The Court found that Fisher made his plea freely, voluntarily, and because he was guilty as charged, and not out of ignorance, fear, inadvertence, or coercion, but with a full understanding of the consequences.

---

[1] The Court incorporates by reference the factual and procedural background provided in its prior Order. *See* Doc. 88.

After Fisher pleaded guilty, a U.S. Probation Officer ("USPO") prepared a presentence investigation report ("PSR") and submitted it to the Court on September 2, 2014. The PSR identified the applicable Guidelines range for imprisonment as 77 months to 96 months. The Court adopted this range, and on September 23, 2014, sentenced Fisher to a prison term of 86 months, to be followed by three years of supervised release.

Proceeding pro se, Fisher filed a motion under 28 U.S.C. § 2255 on June 19, 2017, arguing that in light of two U.S. Supreme Court[2] cases addressing statutory interpretation of the Guidelines, his prior Kansas conviction should not have been considered a "controlled substance offense" for purposes of calculating his total offense level, and that his total offense level should have been six levels lower, resulting in a lower Guidelines range. The Court held that Fisher had waived his right to collaterally attack his sentence, which fell within the recommended sentencing range. Fisher filed a "motion for reconsideration" of the Court's order denying his motion to vacate, as well as a "motion for default summary judgment."[3]

## II.   Legal Standards

When a habeas petitioner files a Rule 59(e) motion, "the court must first examine whether the motion is a true motion to alter or amend judgment," or whether it is actually a second or successive petition.[4] If the motion "challenges one of the court's procedural rulings that precluded resolution of the habeas petition on its merits" or "challenges 'a defect in the integrity of the federal

---

[2] *Descamps v. United States*, 570 U.S. 254 (2013); *Mathis v. United States*, 136 S. Ct. 2243 (2016).

[3] Fisher's motion for default summary judgment seeks judgment on his Rule 59(e) motion due to the Government's alleged failure to file a response. The Government, however, filed its response to Fisher's Rule 59(e) motion on April 26, 2018 (Doc. 92).

[4] *United States v. Sparks*, 2018 WL 1256537, at *1 (D. Kan. 2018) (citation omitted).

habeas proceeding, *provided that* such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition,' " then it will be treated as a Rule 59(e) motion.[5]  It the motion is "mixed," the Court will treat the Rule 59(e) portions as such, and the second or successive § 2255 motion as such.

Under Fed. R. Civ. P. 59(e), a party may file a motion to alter or amend a judgment within 28 days after entry of the judgment.  "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[6]  Accordingly, "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[7]  A purported Rule 59(e) "motion that 'in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction' is actually a second or successive" § 2255 motion.[8]

Under 28 U.S.C. § 2255, a "prisoner in custody . . . claiming the right to be released" may petition the court to vacate, set aside, or correct a sentence on various grounds, including where "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the

---

[5] *Id.* (quoting *Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006)) (emphasis added).

[6] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted).

[7] *Id.*

[8] *United States v. Pedraza*, 466 F.3d 932, 933 (10th Cir. 2006) (quoting *Spitznas*, 464 F.3d at 1215; citing *United States v. Lambros*, 404 F.3d 1034, 1036-37 (8th Cir. 2005)).

maximum authorized by law, or is otherwise subject to collateral attack."[9] A litigant seeking to pursue a second or successive motion under § 2255 must have permission from the Tenth Circuit to do so, and must show either "(1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law . . . that was previously unavailable."[10]

### III.    Analysis

Fisher's motion for reconsideration asserts the following arguments: (1) he received ineffective assistance of counsel due to his counsel's failure to object to the calculation of his sentence under the Guidelines, (2) his Due Process rights were violated when the Court improperly calculated his sentence, (3) the plea agreement's waiver of his rights to collaterally attack his sentence was unlawful because it was entered into before the alleged sentence calculation, (4) the Court committed legal error when it found that no miscarriage of justice existed concerning the validity of the plea waiver, and (5) the Court committed legal error when it refused to issue a certificate of appealability.

The first three issues merely rehash arguments previously made in Fisher's motion to vacate[11] or constitute new arguments not previously asserted.[12] When a motion for reconsideration reasserts prior legal arguments or raises new grounds for relief attacking the petitioner's

---

[9] 28 U.S.C. § 2255(a).

[10] 28 U.S.C. § 2255(h).

[11] Fisher previously argued that the Court improperly calculated his sentence and that he did not waive his right to collaterally attack his sentence. *See* Docs. 83, 87.

[12] Fisher did not previously allege that he received ineffective assistance of counsel, but raises this issue for the first time in his motion for reconsideration.

incarceration, it is not a motion for reconsideration, but rather a successive motion to vacate, set aside, or correct a sentence under § 2255.[13] "It is the relief sought, not his pleading's title, that determines whether the pleading is a § 2255 motion."[14] Fisher has neither sought nor received permission to file a second or successive § 2255 motion on these grounds; nor does he satisfy the requirements allowing him to receive authorization as he does not identify a change in the controlling law since filing his first § 2255 motion and does not present new evidence previously unavailable. Accordingly, the Court concludes that the interests of justice weigh against transferring the case to the Tenth Circuit and dismisses Fisher's arguments that merely rehash prior argument or that constitute new arguments attacking his original sentence.[15]

Fisher's fourth argument alleges that the Court committed "structural error" in its application of the factors utilized in determining whether a defendant validly waived his appeal and collateral attack rights.[16] A waiver of collateral attack rights "is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were

---

[13] *United States v. Baker*, 645 F. App'x 620, 622 (10th Cir. 2016).

[14] *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006) (citation omitted).

[15] *See id.*; *United States v. Chavez-Cadenas*, 2018 WL 1243052, at *3 (D. Kan. 2018) (citing *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (overruling motion rather than transferring it to the Tenth Circuit where claims did not satisfy the authorization standards under § 2255); *United States v. Lee*, 2017 WL 3215658, at *3 (D. Kan. 2017) (holding that ineffective assistance claims did not challenge any procedural ruling in the first § 2255 motion or allege a defect in the integrity of the prior §2255 proceeding, but rather constitute a second or successive § 2255 motion). Further, these arguments lack merit. *See* Doc. 88 (addressing the merits of Fisher's arguments previously asserted before the Court); *United States v. Kamphaus*, 2017 WL 1316887, at *2 (D. Kan. 2017) (noting that ineffective assistance of counsel argument failed as defendant could not "demonstrate that defense counsel's performance was deficient based on a case that had not yet been decided at the time defendant was sentenced").

[16] Fisher's fourth and fifth arguments, though challenging an alleged deficiency in the Court's order denying his motion to vacate, also include merits-based arguments that may properly be dismissed as part of a second or successive petition. Regardless, as explained below, Fisher's arguments lack merit. Accordingly, whether considered on the merits or deemed as part of a second or successive motion, Fisher's arguments fail.

knowingly and voluntarily made."[17]  Courts analyze three factors when determining whether a defendant validly waived his right to collaterally attack his sentence under § 2255: "(1) whether the disputed [claim] falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."[18]  Fisher alleges the Court erred in determining that enforcing the waiver would not result in a miscarriage of justice.

The Tenth Circuit has set forth an exclusive list of circumstances under which the enforcement of a waiver contained in a plea agreement would result in a miscarriage of justice.[19] These include: "[1] where the district court relied on an impermissible factor such a race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful."[20]  Courts analyzing the fourth prong evaluate whether "the *waiver* is otherwise unlawful," and not "whether another aspect of the proceeding may have involved legal error."[21]  The Court did not commit legal error when it found that no miscarriage of justice existed concerning enforcement of Fisher's waiver of rights to collaterally attack his sentence.  Rather, the Court followed clear Tenth Circuit precedent confirming that waivers under similar circumstances

---

[17] *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001).

[18] *United States v. Viera*, 674 F.3d 1214, 1217 (10th Cir. 2012) (quoting *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (alteration in original).

[19] *United States v. Polly*, 630 F.3d 991, 1001 (10th Cir. 2011).

[20] *Hahn*, 359 F.3d at 1327 (alterations in original) (citations omitted).

[21] *United States v. Smith*, 500 F.3d 1206, 1213 (10th Cir. 2007) (emphasis in original) (internal quotations and citation omitted) (recognizing that allowing "errors in computing a defendant's sentence to render a waiver unlawful would nullify the waiver based on the very sort of claim it was intended to waive").

do not satisfy the "miscarriage of justice" standard.[22] The Court did not commit clear error in enforcing Fisher's wavier.

Finally, because the Court followed Tenth Circuit precedent in denying Fisher's motion to vacate, it also did not commit clear error in denying Fisher a certificate of appealability. Appeal from a final decision on a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 is not permitted unless a circuit or district judge issues a certificate of appealability in accordance with 28 U.S.C. § 2253(c).[23] Fisher did not make this showing in his original motion and does not satisfy the standard now. Fisher has not "raise[d] issues that are debatable among jurists, or that a court could resolve differently, or that deserve further proceedings."[24]

## IV. Conclusion

Portions of Fisher's motion constitute an unauthorized second or successive motion under § 2255, and the portions of his motion that resemble a proper Rule 59(e) motion fail to satisfy the standard for a motion for reconsideration. Specifically, Fisher's motion for reconsideration fails to identify (1) an intervening change in the controlling law, (2) new evidence previously unavailable, or (3) the need to correct clear error or prevent manifest injustice. This Court's prior Order (Doc. 88) followed Tenth Circuit precedent in denying Fisher's motion for reconsideration.

---

[22] *See United States v. Kutz*, 702 F. App'x 661, 670-71 (10th Cir. 2017) (dismissing collateral attack alleging that sentence resulted from the district court's incorrect consideration of prior "crimes of violence" to enhance the applicable Guidelines range); *United States v. Frazier-LeFear*, 665 F. App'x 727, 732 (10th Cir. 2016) ("The fact that [Ms. Frazier-LeFear's] relinquishment of this right results in the lost opportunity to raise a constitutional challenge under *Johnson* reflects the natural operation, not the invalidity, of the waiver."); *United States v. Hill*, 2017 WL 1955327, at *2 (D. Kan. 2017) ("Defendant's *Johnson*-based challenge . . . is a challenge to the lawfulness of his sentence, not to the lawfulness of his waiver. As such, it does not support a finding that enforcement of the waiver would result in a miscarriage of justice.").

[23] Fed. R. App. P. 22(b)(1).

[24] *United States v. Brown*, 993 F. Supp. 1338, 1343 (D. Kan. 1997); *see also United States v. Taylor*, 454 F.3d 1075, 1078 (10th Cir. 2006).

Accordingly, the Court denies Fisher's motion for reconsideration under Rule 59(e). In light of the Court's denial of Fisher's motion for reconsideration, his motion for default summary judgment—which asks the Court to grant the relief requested in his Rule 59(e) motion—is denied as moot.

**IT IS THEREFORE ORDERED** that Defendant Stacy L. Fisher's Motion for Reconsideration Pursuant to Rule 59(e) (Doc. 89) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Stacy L. Fisher's Motion for Default Summary Judgment (Doc. 93) is **DENIED** as moot.

**IT IS SO ORDERED**.

Dated this 12th day of June, 2018.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE